JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1. Defendant-appellant Dwayne Fortson ("defendant") appeals from the judgment of the trial court which, after accepting the defendant's guilty plea, sentenced him to a term of four years incarceration for robbery. For the reasons set forth below, we affirm the judgment of the trial court.
 {¶ 2} The defendant was indicted on one count of robbery in violation of R.C. 2911.02 with a disabled adult specification. At his arraignment, the defendant pleaded not guilty to the charges. On October 28, 2002, the defendant retracted his not guilty plea and entered a plea of guilty to the amended indictment of robbery with the disabled adult specification deleted, a felony of the third degree. The trial judge sentenced the defendant to four years incarceration. It is from this ruling that the defendant now appeals, asserting two assignments of error for our review.
 {¶ 3} "I. The trial court subjected defendant-appellant to cruel and unusual punishment in violation of the Ohio and United States Constitutions when it sentenced him to four (4) years incarceration."
 {¶ 4} "II. The sentence imposed by the trial court upon the defendant should be reversed and decreased pursuant to Ohio Revised Code R.C. 2953.08(G), as it is contrary to law and not supported by the record."
 {¶ 5} Having a common basis in law and fact, we address together the defendant's interrelated assignments of error. The defendant challenges the trial court's imposition of a prison term exceeding the minimum in the absence of an adult criminal record. The defendant alleges that the trial court failed to make all of the required findings and that the findings that the court did make are unsupported by the record. The defendant specifically maintains that his sentence is so greatly disproportionate to the offense to which he pled, so as to "shock the sense of justice of the community." We disagree.
 {¶ 6} R.C. 2929.14 provides:
 {¶ 7} "(A) Except as provided in division (C), (D)(1), (D)(2), (D)(3), (D)(4), or (G) of this section and except in relation to an offense for which a sentence of death or life imprisonment is to be imposed, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter and is not prohibited by division (G)(1) of section 2929.13
of the Revised Code from imposing a prison term on the offender, the court shall impose a definite prison term that shall be one of the following:
 {¶ 8} "* * * (3) states: `For a felony of the third degree, the prison term shall be one, two, three, four, or five years* * *'"
 {¶ 9} The trial court did not sentence the defendant to the minimum prison term, but instead imposed a four-year term of incarceration. Therefore, because the defendant had not served a prior prison term, the trial court was required to make a finding on the record that "the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." R.C. 2929.14(B). A review of the transcript reveals that the trial court stated, after a thorough recitation of the specific facts in this case:
 {¶ 10} "* * * Now, certainly for the reasons that I have set forth on the record, that you have caused serious physical harm, you have a prior adjudication and history of delinquency, in addition to that there was serious harm caused to this young man, and you were a group of people out of control, you were part of a group of people out of control beating a helpless young child while he was held down to the ground, I am going to make a finding that the shortest term of imprisonment demeans the seriousness of the crime and the shortest term of imprisonment will not adequately protect the public from the offender or others.
 {¶ 11} "Certainly the Court can make a finding that you committed the worst form of the offense. I don't know any worse form other than to hold a child down who is disabled and beat him senseless.
 {¶ 12} "However * * * I am willing to make redemption.***I am not going to impose the maximum sentence * * *" (T. 25-26).
 {¶ 13} In this case, the trial court complied with R.C. 2929.14(B) in making the findings required prior to imposing more than the minimum term of incarceration on this defendant. Further, we note that under the sentencing procedures enacted as part of Senate Bill 2, an appellate court cannot reduce, modify or vacate the defendant's sentence unless we find that the trial court's decision is clearly and convincingly unsupported by the record and/or contrary to law. R.C. 2953.08; State v.Parker (Jan. 19, 1999), Clermont App. No. CA 98-04-025; State v. Garcia
(1998), 126 Ohio App.3d 485; State v. Donnelly (Dec. 30, 1998) Clermont App. No. CA98-05-034. We cannot say that the trial court's decision in this case is clearly and convincingly unsupported by the record. The defendant further avers that the trial court failed to comply with R.C.2929.12(B). We disagree. The transcript reveals that the trial court also considered the fact that the physical injury suffered by the victim due to the conduct of the defendant was exacerbated because of the victim's brain injury he previously suffered in an accident and that the victim suffered psychological harm as a result of the offense. (T. 24 and T.25, respectively) R.C. 2929.12(B)(1) and (2). The trial court also considered that the defendant had previously been adjudicated a delinquent. R.C.2929.12(D)(2). The defendant contends that the trial court failed to consider the fact that the victim allegedly induced or facilitated the offense. We disagree. The record indicates that the day before the incident, the victim was "picking on" one of the co-defendant's little brother. The trial court addressed this factor and found that the defendant was seeking revenge. The trial court stated:
 {¶ 14} "What you were doing was getting in that car to go seek your own vigilantly justice because you thought the victim in this case should not have been picking on [the co-defendant's] little brother (sic.) So you thought you would take matters into your own hands." (T. 23) We find that the trial court complied with the mandates of R.C.2929.12.
 {¶ 15} The defendant's final contention is that his sentence is inconsistent with sentences for similar crimes committed by similar offenders pursuant to R.C. 2929.11. This court has held that R.C.2929.11(B):
 {¶ 16} "does not require the trial court to engage in an analysis on the record to determine whether defendants who have committed similar crimes have received similar punishments. Rather, the statute indicates the trial court's comments made at the hearing should reflect the court considered that aspect of the statutory purpose in fashioning the appropriate sentence. State v. Edmonson (1999), 86 Ohio St.3d 324 at 326-327." State v. Hunt, Cuyahoga App. No. 81305, 2003-Ohio-175.
 {¶ 17} We find that the trial court's comments made at the hearing reflect that the court considered the appropriate aspects of the statutory purpose in fashioning the defendant's sentence.
Judgment affirmed.
FRANK D. CELEBREZZE, JR., J., AND ANTHONY O. CALABRESE, JR., J., CONCUR.